Davis *v.* Jewett.

Judgment modified.

*Wright & Knapp*, for plaintiff in error.

*A. Hall* and *J. H. Cowles*, for defendant.

———— ● ◊ ● - - ——

DAVIS *v.* JEWETT.

A mortgagor, after the mortgage become due, in consideration of further time, entered into an engagement to pay the mortgagee the additional sum of four per cent interest on the balance due; held that such new engagement did not become a part of the mortgage, and should not be included in the decree of foreclosure.

APPEAL *from Van Buren District Court.*

*Opinion by* GREENE, J. Bill to foreclose a mortgage, filed by Jewitt against Davis. A decree was rendered by default against the defendant, for the amount due on the mortgage, and also for four per cent additional. This four per cent was included in the decree by virtue of an agreement, dated at St. Louis, August 9th, 1849, in the following words :

" Whereas, E. L. Jewitt holds two certain promisory notes. against me, each for seven hundred and twenty-five dollars, dated February 24th, 1847, and both secured by mortgage on which some payments have been made. Now, therefore, I do hereby agree to pay the sum of four per cent interest on the balance due on said notes until paid, in addi-

Davis *v.* Jewett.

tion to the six per cent therein named, provided these presents are in no way to interfere with the present relation between those notes and the mortgage.

WILLIAM DAVIS."

It is now objected that the four per cent stipulated in this agreement, should not be included in the decree. We are clearly of the opinion that this agreement should not be considered as a part of the mortgage, and that the increased indebtedness created by it, could not operate as a lien upon the land described in the mortgage. It had none of the properties of a mortgage, nor could it have been intended as an appendage to that instrument to change its conditions, or increase the amount. It was made with the understanding that " it should not interfere with the relation between the notes and the mortgage." It must be considered a separate undertaking on the part of Davis, made upon the consideration of time and indulgence given him on the mortgage, and as such, it can be enforced at law, without the interposition of chancery. As this new undertaking was in no way incorporated in the mortgage, it should not have been included in the decree of foreclosure. It is therefore reversed, and a decree will be rendered in this court for the amount now due on the notes, with interest.

Decree reversed.

*A. Hall*, for appellant.

*Geo. G. Wright*, for appellee.